IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRACY COOPER, individually and on behalf of other similarly situated employees and former employees of Defendants,<br>　　　Plaintiff(s),<br><br>vs.<br><br>CAMBRIAN CONSULTANTS (CC) AMERICA INC., individually and d/b/a RPS ENERGY and RPS,<br>　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO: _____<br>　　　JURY DEMANDED |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff, Tracy Cooper, files this *Complaint*, individually and on behalf of other similarly situated employees and former employees of Defendant, complaining of Cambrian Consultants (CC) America Inc., individually and doing business as RPS Energy and RPS, and would respectfully show the following:

### I. PARTIES

1.1.　Plaintiff, *Tracy Cooper* ("Cooper" or "Plaintiff"), is an individual residing in Harris County, Texas, who files this lawsuit on her behalf and on behalf of other similarly situated employees and former employees of Defendant who may subsequently opt-in this lawsuit.

1.2.   Defendant, *Cambrian Consultants (CC) America Inc., individually and doing business as RPS Energy and RPS* ("RPS" or "Defendant") is a Texas corporation, with its principal place of business in Harris County, Texas, and may be served with summons by serving its registered agent, Peter C. Fearn, at 16800 Greenspoint Park Drive, Suite 165S, Houston, Texas 77060.

## II. COLLECTIVE ACTION

2.1.   Plaintiff files this complaint on her own behalf and on behalf of other similarly situated employees and former employees of Defendant pursuant to section 216(b) of the Fair Labor Standards Act ("FLSA"). Specifically, Plaintiff files this complaint on her behalf and on behalf of other accounting administrators and other similar non-exempt employees and former employees of Defendant who were not paid one and one-half times their regular hourly rate for hours worked in excess of forty in the workweek ("the Class") at any time from April 9, 2012, to the present ("the Relevant Time Period").

## III. VENUE

3.1.   Venue of this action is proper in this district and division because the events giving rise to the cause of action alleged herein occurred in this division and judicial district.

## IV. JURISDICTION

4.1.   This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the FLSA, 29 U.S.C. §§ 201-19, as amended.

## V. STATEMENT OF CAUSES OF ACTION

5.1.    RPS was an "employer" of Cooper within the meaning of 29 U.S.C. § 203(d) during the Relevant Time Period.

5.2.    An entity with the name "RPS" issued Cooper paychecks during the Relevant Time Period.

5.3.    An entity with the name "Cambrian Consultants America Inc" issued Cooper paychecks during the Relevant Time Period.

5.4.    Cooper's March 18, 2014 exit paperwork was completed on RPS letterhead, with "www.rpsgroup.com" listed as the company's website.

5.5.    Cooper's March 18, 2014 exit paperwork lists RPS as having offices in the United States, Canada, Brazil, UK, Ireland, Netherlands, Australia Asia Pacific, Russia, Middle East, and Africa.

5.6.    Cooper began working for JD Consulting L.P. in December 2006 as an Accounting Administrator. RPS acquired JD Consulting L.P. in December 2007.

5.7.    Cooper, a high school graduate, does not possess a baccalaureate or higher degree from a board-recognized United States college or university.

5.8.    Cooper does not possess any post-graduate degrees.

5.9.    Cooper is not a certified public accountant.

5.10.   Cooper is not eligible to take the certified public accountant's exam.

5.11.   As an Accounting Administrator for RPS during the Relevant Time Period, Cooper's primary job duties included reconciling accounts receivable and accounts payable data.

5.12.   As an Accounting Administrator for RPS during the Relevant Time Period, Cooper's primary job duties included importing employee expenses into reimbursement forms.

5.13.   As an Accounting Administrator for RPS during the Relevant Time Period, Cooper did not have the authority to determine which invoices would be paid.

5.14.   As an Accounting Administrator for RPS during the Relevant Time Period, Cooper did not have the authority to sign RPS checks.

5.15.   As an Accounting Administrator for RPS during the Relevant Time Period, Cooper's primary job duties did not involve the exercise of discretion.

5.16.   As an Accounting Administrator for RPS during the Relevant Time Period, Cooper did not supervise RPS employees.

5.17.   During The Relevant Time Period, RPS was an enterprise engaged in commerce or the production of goods for commerce as those terms are used in 29 U.S.C. § 203(s).

5.18.   During the Relevant Time Period, Cooper was engaged in commerce or in the production of goods for commerce.

5.19.   During the Relevant Time Period, Cooper's primary job duties were those of a non-exempt employee under the FLSA.

5.20.   During the Relevant Time Period, Cooper regularly worked more than forty hours per week for RPS.

5.21.   RPS did not pay Cooper one and one-half times her regular hourly rate for every hour she worked in excess of forty in a workweek during the Relevant Time Period.

5.22.   During the Relevant Time Period, it was RPS's policy and/or practice not to pay Accounting Administrators and other similar non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty in the workweek.

5.23. Although RPS initially paid Cooper an hourly rate and overtime wages, in February 2012 RPS ceased paying overtime wages for hours worked by Cooper in excess of forty in a workweek.

5.24. RPS owes Cooper unpaid wages for unpaid overtime under the FLSA for work performed during the Relevant Time Period.

## VI. Violation of the FLSA

6.1. Cooper incorporates the factual allegations recited above and would show that RPS is liable to her for overtime compensation under the FLSA.

6.2. RPS had a statutory obligation to pay Cooper at a rate of one and one-half times her regular rate of pay for all hours worked in excess of forty in a given workweek. Cooper worked for RPS in excess of forty hours a week during the Relevant Time Period. RPS did not pay Cooper for overtime at the rate of one and one-half times her regular rate of pay for overtime hours during the entirety of the Relevant Time Period.

6.3. At all relevant times, Cooper performed primarily non-exempt employment duties to the extent necessary to be classified as a non-exempt employee under the FLSA.

6.4. Cooper seeks, and is entitled to, a recovery of liquidated damages on her claims under the FLSA. Liquidated damages are awarded automatically under the FLSA.

6.5. There is no reasonable basis for RPS to believe Cooper was exempt under the FLSA or that RPS's practices were permitted by the FLSA. RPS did not act in good faith in failing to pay Cooper in accordance with the requirements of the FLSA.

6.6. RPS's violations of the FLSA were willful. RPS knew or showed reckless disregard for whether its conduct was illegal.

## VII.  ATTORNEYS' FEES

7.1. RPS's refusal to abide by its statutory obligations to Cooper has made it necessary for Cooper to employ the undersigned attorneys to file this lawsuit. As such, Cooper requests the Court to award a reasonable fee, pursuant to the FLSA, for her attorneys' services rendered and to be rendered herein, at the trial court and the court of appeals, and the Supreme Court, if necessary, as well as expenses and court costs.

## VIII.  SECTION 216(b) COLLECTIVE ACTION

8.1. Cooper incorporates the factual allegations recited above. Cooper files this complaint on her own behalf and on behalf of other current and former Accounting Administrators and other similarly situated non-exempt employees and former employees of RPS during the Relevant Time Period pursuant to Section 216(b) of the FLSA, who were not paid time and one-half overtime as required by the FLSA for the hours they worked in excess of forty in a workweek.

8.2. It was RPS's policy and/or practice to not pay Cooper and the other putative plaintiffs for hours they worked in excess of forty hours per week at one and one-half times their regular hourly rate. Therefore, there are other similarly situated employees and former employees of RPS who are owed wages under the FLSA for work they performed during their employment with RPS.

8.3. The putative plaintiffs are entitled to a recovery of liquidated damages on their claims under the FLSA. Liquidated damages are awarded automatically under the FLSA.

8.4. There is no reasonable basis for RPS to believe the putative plaintiffs were exempt under the FLSA or that RPS's practices were permitted by the FLSA. RPS did not act in good faith in failing to pay in accordance with the requirements of the FLSA.

8.5. RPS's violations of the FLSA were willful. RPS knew or showed reckless disregard for whether its conduct was illegal.

8.6. The putative plaintiffs are owed wages, overtime, liquidated damages, and attorneys' fees, for the same reasons as Cooper. The putative plaintiffs should be notified and given the opportunity to join this lawsuit pursuant to Section 216(b) of the FLSA and Cooper requests such notice be issued.

### IX. JURY DEMAND

9.1. Cooper demands a jury on all issues to be tried in this matter.

### PRAYER

WHEREFORE, Plaintiff, Tracy Cooper, prays that Defendant, Cambrian Consultants (CC) America Inc., individually and doing business as RPS Energy and RPS, be summoned to appear; that notice be issued to other non-exempt employees and former employees of Defendant; and that on final trial of this matter, Plaintiff be granted relief as follows:

(a) Judgment declaring that the acts and practices of Defendant described herein violate the FLSA, as amended;

(b) Judgment declaring that the acts and practices of Defendant described herein constitute a willful violation of the FLSA, as amended;

(c) Judgment directing Defendant to pay Plaintiff and other plaintiffs who may opt-in this litigation actual and liquidated damages for violations of the FLSA, as amended;

(d) Costs of suit and reasonable attorneys' fees;

(e) Prejudgment and post-judgment interest as provided by law; and

(f) Such other and further relief, in law and in equity, to which Plaintiff and such other plaintiffs may be justly entitled.

Respectfully submitted,

LAW OFFICE OF G. SCOTT FIDDLER, P.C.


/s/ **ANDREW W. REED**

_____
ANDREW W. REED
Attorney-in-Charge
SBOT #24074935
FID #1140192
G. SCOTT FIDDLER
SBOT #06957750
FID #12508
1004 Congress, 2nd Floor
Houston, Texas 77002
Tel:    713-228-0070
Fax:    713-228-0078
scott@fiddlerlaw.com
areed@fiddlerlaw.com

ATTORNEYS FOR PLAINTIFF
TRACY COOPER